13-2865
Chen v. Lynch

BIA
Christensen, IJ
A094 797 002

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand sixteen.

PRESENT:
>    RALPH K. WINTER,
>    ROSEMARY S. POOLER,
>    DENNY CHIN,
>        *Circuit Judges*.

_____

GUIMO CHEN,
>        *Petitioner*,

>    v.                                    13-2865
>                                          NAC

LORETTA E.LYNCH[1], UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Lewis G. Hu, Law Offices of Lewis
                       Hu, New York, NY.

---

[1]Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guimo Chen, a native and citizen of China, seeks review of a July 16, 2013, order of the BIA, affirming the October 27, 2011, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guimo Chen*, No. A094 797 002 (B.I.A. July 17, 2013), *aff'g* No. A094 797 002 (Immig. Ct. New York City Oct. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(citation omitted). The applicable standards of review are well established. *See* 8 U.S.C. §

2

1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Chen's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Here, the agency reasonably based its adverse credibility determination on Chen's inconsistent and implausible testimony.

First, the agency reasonably found Chen not credible based on the inconsistency between his amended asylum application and testimony that he had been physically restrained by family planning authorities, and the omission of that information from his original asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3 (stating that an "inconsistency and an omission are

3

. . . functionally equivalent"). At the hearing and in his amended application, Chen claimed that he was physically mistreated by family planning officers after he attempted to prevent the sterilization of his wife. His original application made no such allegation, simply stating instead that he argued with officials during his wife's sterilization procedure.

The IJ reasonably found implausible Chen's explanation that he left the physical mistreatment claim out of his original application because his attorney did not ask him about his personal experience, and did not err in relying on that finding to support the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (A petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a

reasonable fact-finder would be *compelled* to credit his testimony.") (emphasis original, internal quotations and citation omitted).

Further, the IJ reasonably found the change in Chen's story suspect given that it occurred after this Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), which held that an alien could not qualify as a refugee based only on the forced sterilization of his spouse, and must show an individualized well-founded fear of persecution or demonstrate "other resistance" to a coercive population control program. *Id.* at 309-10. Chen's argument on appeal that he "had to amend his application" based on new case law is unavailing, as it remains implausible that he would have completely omitted allegations of a beating by family planning officials in his original application.

Further, the IJ reasonably found Chen not credible based on his inconsistent testimony about whether he entered the operating room during his wife's sterilization procedure. For example, on direct examination, Chen stated that he entered the operating room and attempted to grab the doctor's hand; on cross-examination, he stated that he never entered the operating room.

5

A totality of the circumstances supports the agency's adverse credibility determination based on Chen's inconsistent and implausible testimony, and this Court defers to that finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Furthermore, because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).  Because the adverse credibility determination is dispositive, we need not consider the other arguments Chen raises.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6